FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 AUG -2 PM 3:06

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| BOOKER T. HILLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV406-89 |
| ) | |
| RALPH KEMP, Warden, and ) | |
| JAMES E. DONALD, Commissioner of ) | |
| the Georgia Department of Corrections, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Respondents have filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 6. For the following reasons, the Court recommends that respondents' motion be GRANTED and the petition be DISMISSED.

### I.   BACKGROUND

Petitioner was indicted by the Bryan County grand jury on July 18, 2000 for malice murder, felony murder, armed robbery, and aggravated assault. Resp. Ex. 5, pp. 504-506. Following the State's notice of intent to seek the death penalty and various pre-trial hearings, petitioner appeared

with counsel on February 22, 2002 to tender a negotiated guilty plea. Resp. Ex. 5, p. 672. The Bryan County Superior Court accepted petitioner's guilty plea as to counts one and four of the indictment, which charged him with malice murder and armed robbery. Resp. Ex. 5, pp. 672-675. The trial court sentenced petitioner to life imprisonment as to count one and life imprisonment as to count four, to be served consecutively to count one. Resp. Ex. 5, pp. 672-675. The trial court merged counts two, three, and five into counts one and four. Resp. Ex. 5, p. 675. Petitioner did not appeal his sentence.

Petitioner filed a state habeas corpus petition on November 5, 2004 in the Wheeler County Superior Court alleging three grounds for relief. Resp. Ex. 1. Petitioner later filed a brief in support of his petition. Resp. Ex. 2. After holding an evidentiary hearing on February 24, 2005, the state habeas court denied the relief sought on June 2, 2005. Resp. Ex. 3, 5. The Georgia Supreme Court denied petitioner's application for certificate of probable cause to appeal the denial of state habeas corpus relief on January 30, 2006. Resp. Ex. 4.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on March 30, 2006. Doc. 1. Respondent moves to dismiss the petition as

untimely under § 2244(d). Docs. 6, 7. Petitioner filed a response to respondent's motion to dismiss on June 6, 2006. Doc. 10.

## II. ANALYSIS

Habeas corpus petitions filed by state prisoners must be filed within the one-year statute of limitations period under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] The one-year limitations period begins to run on the date

---

[1]Section 2244(d), which is applicable to state prisoners' § 2254 petitions, provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations set forth in § 2244 is tolled when a state prisoner properly files an application for post-conviction or collateral review with the state. 28 U.S.C. § 2244(d)(2); see also Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). However, a state habeas petition filed after the one-year AEDPA statute of limitations expires cannot toll the statute of limitations because there is then no time left to toll. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner's state conviction became final on March 24, 2002, when the time period for filing a direct appeal of his sentence ended. See O.C.G.A. § 5-6-38 (allowing thirty days from the date of judgment in which to file a direct appeal). Thus, the time period for petitioner to file a federal habeas corpus petition, or file a state habeas corpus petition that would toll the § 2244(d)(1) limitations period while the state habeas petition was pending, ended on March 24, 2003. Petitioner filed his state habeas petition on November 5, 2004, 592 days after the one-year AEDPA limitations period expired.

Petitioner's state habeas petition was filed 957 days after his state court judgment became final. Petitioner clearly was not diligent in pursuing collateral review of his state court judgment. In order for his federal habeas corpus petition to be timely, he must have filed the instant petition by March 24, 2003 or instituted a state habeas corpus petition before that date. As he did neither, petitioner's current § 2254 petition is untimely and should be DISMISSED.[2]

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 2nd day of **August, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]Petitioner filed a motion to withdraw his guilty plea on April 7, 2004, which was deemed untimely. Resp. Ex. 5, pp. 681, 685. As this motion itself was filed over a year after the AEDPA limitations period expired, its existence has no bearing on the above analysis.